COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| WILLIAM C. HOLMAN, | § | No. 08-19-00012-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | Criminal District Court No. 3 |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC# 1567363R) |

## **O P I N I O N**

Appellant William Holman was convicted by a jury of felony family-violence assault based on a prior conviction for family-violence assault. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b)(2)(A). In a single issue on appeal, Holman complains that the trial court committed reversible error by excluding a prior written statement of the complaining witness. Finding no error, we affirm the trial court's judgment.[1]

## **BACKGROUND**

In 2017, Holman began dating Patricia Howard and they eventually lived together. On

---

[1] This case was transferred to us from the Second Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. We follow the precedents from that Court where they might conflict with our own. TEX. R. APP. P. 41.3.

March 23, 2017, while driving her car, Holman picked up Howard from a medical appointment. Upon his arrival, Howard noticed that Holman appeared to have been drinking. As Holman drove the two of them to his mother's home, Howard revealed that his family had planned an intervention upon their arrival regarding his use of alcohol. At that point, Holman altered their course and drove to a liquor store. Once Holman bought a bottle of liquor from the store and returned to the car, he continued to drive aimlessly around town. Eventually, Holman pulled the car over and told Howard that she could exit from the car if she wanted. As Howard began exiting, however, Holman pulled her back inside the car, then stabbed her arm with a knife. As Howard screamed, Holman put the knife to her throat demanding that she quiet her screaming or else he would cut her again. He then continued to drive around town while he repeatedly hit her and also bit her face at various points in time. After a while, Holman drove them both to Howard's home (where Holman had been living), and upon their arrival, Howard's daughter called 911 after seeing her mother's condition. Holman then took off running and was arrested at a later date and subsequently charged by indictment.

During the pendency of the case, Howard handwrote a notarized statement in which she described that Holman had never attacked her on the date in question and, instead, she had fabricated the entire story because she had been angry about him breaking up with her. Within her statement she claimed she had slipped and cut her arm after falling in her kitchen. At trial, Howard testified contrary to her written statement wherein she described that Holman had cut her and threatened her with a knife on the date in question. On cross-examination, Holman attempted to introduce Howard's notarized, written statement. In response, the State objected, and the court ruled as follows:

| | |
|---|---|
| [Defense counsel]: | I'm showing you what's been marked as Defendant's Exhibit 1. Do you recognize this? |
| [Howard]: | Yes. |
| [Defense counsel]: | What do you recognize it to be? |
| [Howard]: | The paper that I wrote out that Mr. Holman told me to. |
| [Defense counsel]: | Has there been any alterations or changes since you signed it? |
| [Howard]: | No. |
| [Defense counsel]: | Your Honor, we would offer Defendant's Exhibit 1 into evidence for all purposes. |
| [Prosecutor]: | Your Honor, the State would object. He's using it for purposes of impeachment. It's hearsay. And he has not laid the predicate for allowing extrinsic evidence in for purposes of impeachment because she has not denied making that statement. |
| [Defense counsel]: | She has denied everything in that statement, Your Honor. It is being offered for impeachment purposes, and it is prior sworn testimony – or it's prior sworn statement. |
| [The trial court]: | You may ask her everything you want to about it. She's here live. You can ask her anything about the statement. I'm not letting it in at the present time since you have a witness here. |

Following this exchange, Holman cross-examined Howard—unimpeded by the trial court or the State—about the contents of her statement which had contradicted her trial testimony. Howard admitted to making each of the assertions in her written statement about which Holman questioned her, including her written assertions that she never saw Holman on the day of the charged offense and that she fabricated the allegations against

3

him because she was upset that they had recently ended their relationship. Holman thereafter did not attempt to reintroduce the statement.

## DISCUSSION

In his sole issue, Holman contends that the trial court committed reversible error when it excluded Howard's written statement. The State responds that no reversible error has been shown because: (1) Howard's admission to making the assertions in her written statement precluded admission of the written statement under Texas Rule of Evidence 613(a); (2) any error was waived by Holman where he did not parse out for the trial court the potentially admissible portions of the statement from the inadmissible portions; and (3) any error was harmless where the trial court afforded Holman the opportunity to fully cross-examine Howard about the contents of her statement. Having concluded that Howard's written statement was inadmissible under Rule 613(a), we need not address either of the State's remaining arguments.

### Standard of Review

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). Under this standard, the trial court's ruling will be upheld as long as it was within the zone of reasonable disagreement. *Id.* If the ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave the wrong reason for the right ruling. *Id.*

### Applicable Law

Texas Rule of Evidence 613(a) governs the admission of prior inconsistent statements. *See* TEX. R. EVID. 613(a). As a foundational requisite for admissibility under Rule 613(a), the proponent of extrinsic evidence of a prior inconsistent statement—whether oral or written—must

4

first tell the witness: (1) the contents of the statement; (2) the time and place of the statement; and (3) the person to whom the witness made the statement. TEX. R. EVID. 613(a)(1)(A), (B), (C). The proponent must then give the witness an opportunity to explain or deny the prior inconsistent statement. TEX. R. EVID. 613(a)(3). Finally, the extrinsic evidence of a witness's prior inconsistent statement becomes admissible only if the witness fails to unequivocally admit making the statement. TEX. R. EVID. 613(a)(4). If all these requisites are not shown, the statement is inadmissible. *See Simmons v. State*, 590 S.W.3d 702, 707 (Tex. App. – Waco 2019, pet. filed); *Batteas v. State*, No. 02-05-00036-CR, 2006 WL 349709, at *8 (Tex. App. – Fort Worth Feb. 16, 2006, pet. ref'd) (mem. op., not designated for publication).

*Application*

Our resolution of the issue on appeal is made easy for us where Howard unequivocally admitted to making each of the assertions in her written statement about which Holman freely cross-examined her. In his brief, Holman does not point us to any assertion in her written statement that Howard failed to unequivocally admit having made, and we find none in the record. And as Howard admitted to making the assertions in her written statement, Howard's written statement was not admissible as extrinsic evidence pursuant to Texas Rule of Evidence 613(a). *See* TEX. R. EVID. 613(a)(4); *see also Simmons*, 590 S.W.3d at 707 (holding that a witness's prior statements were inadmissible for impeachment purposes under Rule 613 where the witness admitted to the content of the statements); *Batteas*, 2006 WL 349709, at *8 ("Appellant questioned [the witness] about the prior statements she gave to police, and she acknowledged that she made the statements. Because she admitted making the statements, extrinsic evidence of the statements was not admissible."). Accordingly, the trial court did not abuse its discretion in excluding from evidence

5

Howard's prior written statement.  We therefore overrule Holman's sole issue in this appeal, and

we need not address the State's alternative arguments for upholding the trial court's ruling.

## CONCLUSION

The trial court's judgment is affirmed.


GINA M. PALAFOX, Justice

February 26, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)